<hr />

ICHABOD PREBLE, Administrator, *vs.* INHABITANTS OF GILEAD.

*Soldiers' bounty—construction of town's vote of.*

The defendants voted "to pay three hundred dollars to each volunteer man to fill the town's quota for the present call;" *held*, that the plaintiff whose intestate enlisted after Gilead's quota was filled was not entitled to recover the $300 from the town, nor the hundred dollars received by the defendants from the State on account of the service of his intestate, under the reimbursement act, it not appearing that the defendants, under that act, received a surplus above the amount they had actually paid out.

ON FACTS AGREED.

ASSUMPSIT. At a meeting held December 8, 1863, under an appropriate article in the warrant calling it, the defendants "voted to pay $300 to each volunteer man to fill the town's quota for the present call of three years' men, or during the war." The plaintiff's intestate, Elisha T. Preble, first enlisted, for three years,

December 12, 1861, and re-enlisted, for a similar term, February 1, 1864. The call referred to in the vote aforesaid was that of October 17, 1863, and the town's quota under it was four. The fourth man, to fill this quota, was mustered into service January 4, 1864.

Under Public Laws of 1868, c. 225, to equalize bounties, the municipal officers presented to the commissioners upon the equalization of bounties a claim for soldiers furnished by their town, among whom they enumerated Elisha T. Preble, and a hundred dollars were paid them by the State on account of his services. In a second count the plaintiff claimed to recover this $100, as received to his use. The town expended more than was reimbursed.

*John J. Perry*, for the plaintiff.

*Enoch Foster*, *Jr.*, for the defendants.

DICKERSON, J. This action cannot be maintained upon either of the grounds alleged by the plaintiff.

I. There was no privity between the defendants and the plaintiff's intestate arising under the vote of the town of December 8, 1863, by virtue of which the plaintiff seeks to recover a bounty of $300. That vote called for "volunteer men," not to be credited upon some past, future, or indefinite call of the president of the United States, but "to fill the town's quota for the present call," which was the call of October 17, 1863. The plaintiff's intestate never complied with the terms of that vote; he rendered no equivalent for the bounty therein offered. The town's quota under that call was made up without him. Indeed, he did not re-enlist until after that quota had been filled. To bring a party within the purview of the vote of the town it was necessary that he should both volunteer, and be credited upon the town's quota under the then existing call. The minds of the parties never met to form a contract under the vote of the town. Language could scarcely make the intention of voters more explicit, or intelligible; to give the language used the construction contended for by the counsel for the plaintiff would be to distort and pervert its obvious meaning,

by extending the benefits of the vote alike to those who did not, and those who did, fill the quota designated therein. *Bickford v. Brooksville,* 55 Maine, 91.

II. Nor can the plaintiff recover of the town the hundred dollars it received from the State on account of the service of the plaintiff's intestate under the reimbursement act of March 7, 1868.

In order to maintain the action upon this ground it is necessary that it should appear in evidence that the town, under that act, received a surplus above the amount actually paid out. Public Laws of 1868, c. 225, §§ 7 and 8. The evidence does not show this, but the contrary. The conclusion, therefore, must be,

*Judgment for the defendants.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.